HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KURT KANAM, | CASE NO. C16-5702-RBL |
| Plaintiff, | ORDER |
| v. | |
| DEPARTMENT OF NATURAL RESOURCES, et al., | |
| Defendants. | |

THIS MATTER is before the Court on the following motions: the State of Washington's Motion to Dismiss [Dkt. # 9]; *Pro se* Plaintiff Kanam's Motion for Summary Judgment [Dkt. #12]; and Kanam's Motion for Reconsideration of the Order transferring this case to this District from District of Columbia District Court [Dkt. #13]. The latter is based on Kanam's amended complaint [Dkt. #14], which adds the Department of Homeland security as a defendant.

Both iterations of Kanam's complaint involve one factual allegation: the Washington Department of Natural Resources "impounded" vessels under his care from a buoy in front of his Olympia Washington home (the buoy was presumably anchored in Puget Sound).  He claims that the action was unlawful because the Washington Constitution was never ratified and the federal government has exclusive jurisdiction over the country's navigable waters:

Plaintiff respectfully requests that this court declare that:

1. The unratified Constitution of the State of Washington is not recognized by the Federal government.

2. The State of Washington does not own the ocean or have jurisdiction over navigable waters of the United States

3. Jurisdiction over navigable solely lies with the Secretary of Homeland Security.

[Dkt. #14 at 3]

Generally speaking, venue is proper in the judicial district where (1) the defendant resides or (2) where the events giving rise to the case took place. 28 U.S.C. §1391(b)(1) and (2). Only where there is no such district can the plaintiff sue in "any judicial district in which [the] defendant is subject to the court's personal jurisdiction[.]" 28 U.S.C. §1391(b)(3).

The parties reside in Washington and the vessels were impounded from a buoy located here. Venue is proper here, and not there. The Motion for Reconsideration [**Dkt. #13**].  is **DENIED.**

The State's Motion to Dismiss argues that whether Kanam's complaint is an (improper) removal of some unidentified underlying administrative proceeding (as his complaint suggests) or is instead an original action, it fails to state a claim and this court does not have subject matter jurisdiction over it.

While the court agrees that Kanam must allege some federal question in order to remove some underlying case, his claims do seem to depend in part on his reading of the United States Constitution.

1       The real problem with Kanam's claim, however, is that it is frivolous[1] on its face. The fact that it fails to state a plausible claim does not deprive the Court of subject matter jurisdiction to dismiss it with prejudice.

      Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

      On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

---

[1] The Court does not mean to suggest that the other, more technical flaws in Kanam's claim identified by the State are not also fatal to this claim.

by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As the State points out, it is "extraordinarily well-settled" that the state *does* have jurisdiction over navigable waters within its geographic boundaries.  *See* Wash. Const. art. XVII, § *1; Martin v. Waddell,* 16 Pet. 367, 410, 10 L. Ed. 997 (1842); *Pollards Lessee v. Hagan,* 3 How. 212, 224, 11 L. Ed. 565 (1845); *Mumford v. Wardwell,* 6 Wall. 423, 436, 18 L. Ed. 756 (1867); *Oregon State Land Bd. v. Corvallis Sand & Gravel Co.,* 429 U.S. 363, 372, 97 S. Ct. 582, 50 L. Ed. 2d 550 (1977); and 43 U.S.C. § 1311(a). [Dkt. #9 at 5]. Kanam's claim that the state had no authority over the water (and, in turn, no authority to remove the vessels) is based on this single, singularly wrong proposition.

Kanam's related claim that Washington's Constitution has "never been ratified" is unintelligible and nonsensical; there is nothing he could possibly allege in a third complaint that would make this claim plausible. The State's Motion to Dismiss [**Dkt. #9**] is **GRANTED**.

Kanam's own Motion for Summary Judgment [**Dkt. #12**] is **DENIED**, for the same reasons.

This matter is dismissed with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 6th day of September, 2016.

                                           Ronald B. Leighton
                                           United States District Judge